REPUBLIC OF COLOMBIA
**MINISTRY OF FOREIGN AFFAIRS**

**S-DIAJI-26-004874**

The Ministry of Foreign Affairs – Directorate of International Legal Affairs, extends a sincere greeting to the Honorable Embassy of the United States of America and submits copy of document MJD-OFI26-0005430-DAI-10100 from February 16, 2026, together with the attached Executive Resolution No. 022 from January 14, 2026, by which the National Government granted extradition of Mr. **ELKIN ARMANDO ALOMIA QUIÑONES**, according to the following terms and conditions:

*"**ARTICLE ONE**: **Grant the extradition** of **ELKIN ARMANDO ALOMIA QUIÑONES,** Colombian citizen with citizenship identification No.* ▮▮▮▮▮ *so that he may stand trial before the authorities of the United States of America on **Count One** (Conspiracy to Violate the Maritime Drug Law Enforcement Act); **Count Two** (International Cocaine Distribution Conspiracy); and **Count Three** (Violation of the Maritime Drug Law Enforcement Act - Approximately 2,312 Kilograms of Cocaine), charged on indictment 24-CR-462 (also known as case No. 1:24-cr-00462-EK and 1:24-cr-00462-EK-1), issued on November 13, 2024, in the United States District Court for the Eastern District of New York.*

***ARTICLE TWO:** Order the surrender of citizen **ELKIN ARMANDO ALOMIA QUIÑONES**, to the requesting State, pursuant to the commitment that said State will comply with the terms that were established on Paragraph II of Article 494 of Law 906 of 2004; provided that the requested citizen shall not be subjected to forced disappearance, torture, or cruel, inhumane, or degrading treatment or penalties, or to sanctions of exile, life imprisonment, and forfeiture.*

*As soon as the aforementioned commitment is received, the Ministry of Justice and Law shall forward a copy of the decision, and the guarantees offered to the Attorney General's Office so that the necessary steps may be taken and the requested person may be made available to the requesting State.*

TO THE HONORABLE
**EMBASSY OF THE UNITED STATES OF AMERICA**
City

[Seal: Liberty and Order]

## REPUBLIC OF COLOMBIA
## MINISTRY OF FOREIGN AFFAIRS

**S-DIAJI-26-004874** page 2/2

*ARTICLE THREE:* *Notify the requesting State that citizen* ***ELKIN ARMANDO ALOMIA QUIÑONES*** *shall not be prosecuted nor convicted for a prior or different event to the instant offense that is the basis for this extradition, in accordance to Paragraph 1, Article 494 of Law 906 of 2004. By the same token be advised that neither facts nor evidentiary material prior to December 17, 1997, shall be included.*

[…]"

In addition, and considering the notice from the Ministry of Justice and Law, attached herein, and pursuant with the order from the aforementioned Executive Resolution, the United States of America is hereby asked to provide the required guarantee according to what is ordered in Paragraph 2, Article 494 of Law 906 of 2004, in agreement with the decision from the plenary of the Honorable Constitutional Court, Ruling C-1106 of August 24th, 2000, which instructs as follows:

*"[…] the surrender of a person in extradition to the requesting State when the instant offense is punishable by the death penalty, shall only take place as long as this sentence is commuted accordingly and provided that the requested citizen shall not be subjected to forced disappearance, torture, or cruel, inhumane, or degrading treatment or penalties, or to sanctions of exile, life imprisonment, and forfeiture pursuant to Articles 11, 12, and 34 of the Political Constitution […]"*

The Ministry of Foreign Affairs – Directorate of International Legal Affairs, avails itself of this opportunity to renew to the Honorable Embassy of the United States of America the assurances of its highest consideration.

Bogota D.C., February 11, 2026
[Illegible initials]

[Seal]
Justice

Bogota D.C., Colombia, February 16, 2026

Director                                                                    [QR CODE]
**JHON JAIRO CAMARGO MOTTA**
Director, International Legal Affairs
Ministry of Foreign Affairs
Calle 10 No. 5 – 51
extradiciones.cancilleria@cancilleria.gov.co
Bogota, D.C.                                          Password: 4AMN5hDAJA


Re: Extradition proceedings for **ELKIN ARMANDO ALOMIA QUIÑONES**

Mr. Camargo:

I would like to respectfully advise that the National Government, by means of Executive Resolution No. 022 from January 14, 2026, granted the extradition of Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES**, to the Government of the United States of America, pursuant to the following terms:

> *"(...) ARTICLE ONE: **Grant the extradition** of ELKIN ARMANDO ALOMIA QUIÑONES, Colombian citizen with citizenship identification No.* ▮▮▮▮▮▮*, so that he may stand trial before the authorities of the United States of America on **Count One** (Conspiracy to Violate the Maritime Drug Law Enforcement Act); **Count Two** (International Cocaine Distribution Conspiracy); and **Count Three** (Violation of the Maritime Drug Law Enforcement Act - Approximately 2,312 Kilograms of Cocaine), charged on indictment 24-CR-462 (also known as case No. 1:24-cr-00462-EK and 1:24-cr-00462-EK-1), issued on November 13, 2024, in the United States District Court for the Eastern District of New York.*

> ***ARTICLE TWO:*** *Order the surrender of citizen **ELKIN ARMANDO ALOMIA QUIÑONES**, to the requesting State, pursuant to the commitment that said State will comply with the terms that were established on Paragraph II of Article 494 of Law 906 of 2004; provided that the requested citizen shall not be subjected to forced disappearance, torture, or cruel, inhumane, or degrading treatment or penalties, or to sanctions of exile, life imprisonment, and forfeiture.*

_____

**Ministry of Justice and Law**
Address: Calle 53 No. 13 -27, Bogota D.C., Colombia
Switchboard: +57 (60) 1 444 31 00
Toll free: (+57) 01 8000 911170

[Seal]
Justice

*As soon as the aforementioned commitment is received, the Ministry of Justice and Law shall forward a copy of the decision, and the guarantees offered to the Attorney General's Office so that the necessary steps may be taken and the requested person may be made available to the requesting State.*

***ARTICLE THREE:*** *Notify the requesting State that citizen **ELKIN ARMANDO ALOMIA QUIÑONES** shall not be prosecuted or convicted for a prior or different event to the instant offense that is the basis for this extradition, in accordance with Paragraph 1, Article 494 of Law 906 of 2004. By the same token be advised that neither facts nor evidentiary material prior to December 17, 1997, shall be included.*

In this regard, I am enclosing a copy of the aforementioned administrative proceedings so that the requesting country may be informed that the National Government has granted the extradition of **ELKIN ARMANDO ALOMIA QUIÑONES**, specifying that he has not yet been made available for transfer because the handover was conditional on the provision of certain guarantees.

Likewise, I request that you inform the requesting country that, as soon as possible, it must offer a formal response and commitment through diplomatic channels, to comply with the conditions imposed by the National Government that guarantee the provisions of the second paragraph of Article 494 of Law 906 of 2004, that is, that the requested citizen will not be subjected to forced disappearance, torture, or cruel, inhuman, or degrading treatment or punishment, nor to the penalties of exile, life imprisonment, and forfeiture.

As soon as the aforementioned commitment is received, this Ministry will forward to the Attorney General's Office a copy of the respective administrative proceeding and the guarantees offered so that said entity may proceed to make the requested person available to the requesting State.

Finally, it should be noted that the aforementioned resolution has been duly enforced.

Sincerely,

[Illegible Signature]
ANGELA PATRICIA ACOSTA GUTIERREZ
Director, International Affairs

_____

**Ministry of Justice and Law**
Address: Calle 53 No. 13 -27, Bogota D.C., Colombia
Switchboard: +57(60) 1 444 31 00
Toll free: (+57) 01 8000 911170

[Seal]
Justice

| Drafted: | Reviewed: | Approved: |
|---|---|---|
| Extraditions Group-COS-522 | Extraditions Group APAG | Extraditions Group APAG |
| DAI | DAI | DAI |

**Ministry of Justice and Law**
Address: Calle 53 No. 13 -27, Bogota D.C., Colombia
Switchboard: +57(60) 1 444 31 00
Toll free: (+57) 01 8000 911170

[SEAL]
**Government of
Colombia**


EXECUTIVE RESOLUTION NUMBER <u>022</u> OF  _____


14 JAN 2026


In which a decision is made regarding an extradition request


**THE PRESIDENT OF THE REPUBLIC OF COLOMBIA,**

exercising the authority conferred upon him by Article 491 of Law 906 of 2004, and


**WHEREAS:**


1.     The Government of the United States of America, through its Embassy in Colombia, by means of Note Verbale No. 0415 dated March 7, 2025, requested the temporary arrest for extradition purposes for Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES**, who is required to appear for trial on charges of conspiracy and drug trafficking.


2.     The Attorney General in response to said request and pursuant to a Resolution from March 11, 2025, issued an arrest warrant for extradition purposes of Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES**, citizenship identification No. ████████, who had been arrested on March 12, 2025, by members of the Judicial Police who report to the Directorate of the Technical Investigation Team of the Attorney General's Office.

Page 2 – of the Resolution "in which a decision is made regarding an extradition request". Extradition proceedings for Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES.**

------------------------------------------------------------------------------------------------------------------------

3. The Embassy of the United States of America in our country, through Note Verbale No. 0857 dated May 8, 2025, formalized the request to extradite citizen **ELKIN ARMANDO ALOMIA QUIÑONES.**

Said note informs that this citizen is subject to an Indictment on Case Number 24-CR-462 (also known as case No. 1:24-cr-00462-EK and 1:24-cr-00462-EK-1), issued on November 13, 2024, in the United States District Court for the Eastern District of New York, as described below:

"(…) <u>INDICTMENT</u>

(…)

THE GRAND JURY CHARGES:

### *COUNT ONE*

*(Conspiracy to Violate the Maritime Drug Law Enforcement Act)*

*1. In or about and between January 2023 and October 2023, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ELKIN ARMANDO ALOMIA QUIÑONES, (…) and (…), together with others, did knowingly and intentionally conspire to distribute and possess with the intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 46, United States Code, Section 70503(a)(1). The amount of cocaine involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.*

*(Title 46, United States Code, Sections 70506(b), 70506(a), 70503(b) and 70504(b)(2); Title 21, United States Code, Section 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3238 and 3551 <u>et seq.</u>)*

022

Page 3 – of the Resolution "in which a decision is made regarding an extradition request". Extradition proceedings for Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES**

## COUNT TWO

*(International Cocaine Distribution Conspiracy)*

2. *In or about and between January 2023 and October 2023, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ELKIN ARMANDO ALOMIA QUIÑONES, (…) and (…), together with others, did knowingly and intentionally conspire to distribute a controlled substance intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of cocaine involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.*

*(Title 21, United States Code; Sections 963, 960(b)(1)(B)(ii) and 959(d); Title I8, United States Code, Sections 3238 and 3551 et seq.)*

## COUNT THREE

*(Violation of the Maritime Drug Law Enforcement Act -*
*Approximately 2,312 Kilograms of Cocaine)*

3. *On or about June 27, 2023, within the extraterritorial jurisdiction of the United States, the defendants ELKIN ARMANDO ALOMIA QUIÑONES, (…) and (…), together with others, while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally distribute and possess with intention to distribute a controlled substance; which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.*

*(Title 46, United States Code, Sections 70503(a)(l), 70506(a) and*

Page 4 – of the Resolution "in which a decision is made regarding an extradition request". Extradition proceedings for Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES.**

-------------------------------------------------------------------------------------------------

*70504(b)(2); Title 21; United States Code, Sections 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)*

In addition, the requesting country, in Note Verbale No. 0857 dated May 8, 2025, noted:

*"(…) On April 4, 2025, based on the indictment charges, the United States District Court for the Eastern District of New York issued an arrest warrant against ALOMIA QUIÑONES. Said warrant remains in effect and is enforceable.*

*(…)*

*All actions taken by ALOMIA QUIÑONES in this case were carried out after December 17, 1997. (…)"*

*4.* Once the request for extradition of citizen **ELKIN ARMANDO ALOMIA QUIÑONES** was formalized, the Ministry of Foreign Affairs, through the Directorate of International Legal Affairs, Notice S_DIAJI-25-014603 dated May 8, 2025, deems the following:

*"(…) In accordance with the provisions of our domestic criminal procedural law, we hereby inform you that it is appropriate to proceed in accordance with the conventions to which the Republic of Colombia and the United States of America are parties.*

*Having reviewed this Ministry's treaty archive, it should be noted that the following multilateral conventions on mutual judicial cooperation are currently in force for the Parties:*

• *The 'United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances', signed in Vienna, December 20th, 1988[1]. In this sense, Article 6, Subsection 4 and 5 from the aforementioned treaty states the following:*

---

[1] Article 3, Subsection 1, sub paragraph a.

022

Page 5 – of the Resolution "in which a decision is made regarding an extradition request". Extradition proceedings for Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES.**
-------------------------------------------------------------------------------------------------------------------------

*'4. The Parties which do not make extradition conditional on the existence of a treaty shall recognize offenses to which this article applies as extraditable offenses between themselves.*

*5. Extradition shall be subject to the conditions provided for by the law of the requested Party or by applicable extradition treaties, including the grounds upon which the requested Party may refuse extradition.'*

- *The United Nations Convention against Transnational Organized Crime, adopted in New York on November 15, 2000[2], provides in Article 16, paragraphs 6 and 7, as follows:*

*'6. States Parties that do not make extradition conditional on the existence of a treaty shall recognize the offenses to which this article applies as extraditable offenses between themselves.*

*7. Extradition shall be subject to the conditions provided for in the domestic law of the requested State Party or in applicable extradition treaties, including, inter alia, those relating to the requirement minimum penalty for extradition and the grounds on which the requested State Party may refuse extradition.'*

*"Pursuant to the aforementioned and in light of Articles 491 and 496 of Law 906 of 2004, the proceeding will follow Colombian law when it pertains to issues that do not fall under said Convention (…)"*

**5.** Once the extradition file for citizen **ELKIN ARMANDO ALOMIA QUIÑONES** has been completed, the Ministry of Justice and Law, by means of Notice No. MJD-OFI25_0022313-GEX-10100 dated May 20, 2025, referred said file to the Criminal Appellate Division of the Supreme Court of Justice for appropriate action.

---

[2] Article 3, Paragraph 1, sub paragraphs a) or b).

022

Page 6– of the Resolution "in which a decision is made regarding an extradition request". Extradition proceedings for Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES.**

**6.** The Criminal Appellate Division of the Supreme Court of Justice, by ruling from December 10, 2025[3], having deemed the requirements posed by the applicable rules of the case as satisfied, confirmed the extradition of citizen **ELKIN ARMANDO ALOMIA QUIÑONES** favorably.

Regarding the particulars the Corporation [*sic*] expressed:

*"(…) IV. OPINION*

*Therefore, the Criminal Appellate Division of the Supreme Court of Justice concludes that the constitutional and legal requirements have been met to issue a **favorable opinion** on the extradition request filed by the Government of the United States of America against the Colombian citizen ELKIN ARMANDO ALOMIA QUIÑONES. This is exclusively regarding charges described on Indictment Number 24-CR-462 (also known as case No. 1:24-cr-00462-EK and 1:24-cr-00462-EK-1), issued on November 13, 2024, in the United States District Court for the Eastern District of New York.*

*Conditions*

*1. The National Government, in the event it decides to grant the extradition, should demand from the requesting State:*

*a. To guarantee the continued presence of the requested individual in the requesting country and his repatriation to Colombia with dignity and respect in the event that his case is dismissed, he is acquitted, he is found not guilty, or similarly; even after he is released upon serving the sentence that was imposed.*

*b. That the individual is not tried for acts committed prior to December 17, 1997, or for acts other than those on which the extradition request is based. Furthermore, that no penalties other than those imposed in a possible conviction be imposed, nor the death penalty, exile, life imprisonment, forfeiture, forced disappearance, torture, or cruel, inhuman, or degrading treatment.*

---

[3] File is registered at the Ministry of Justice and Law on December 19, 2025.

c.      *To guarantee the constitutional rights of ELKIN ARMANDO ALOMIA QUIÑONES. More specifically, in regards to the access to a public trial without unjustified delays, the presumption of innocence, to be represented by a public or private defense attorney, the assistance of an interpreter, to have enough time and the necessary means to prepare his defense, to be able to present evidence on his behalf and to challenge the evidence against him, dignified conditions while in custody, and the possibility of appealing the sentence before a higher court. These prerogatives derive from Articles 9, 10, and 11 of the Universal Declaration of Human Rights and Articles 9, 10, 14, and 15 of the International Covenant on Civil and Political Rights.*

d.      *That, in accordance with its internal policies on the matter, it shall offer reasonable and realistic opportunities for the individual to have regular contact with his closest family members. This is because Article 42 of the Political Constitution recognizes the family as the essential nucleus of society and protects its honor, dignity*, and *privacy. This protection is also provided for in the International Covenant on Civil and Political Rights.*

e.      *That he is not convicted twice for the same offense.*

f.      *That copies of the judgments or decisions that put an end to the proceedings in the courts of that country be sent.*

g.      *That, if ELKIN ARMANDO ALOMIA QUIÑONES is convicted on charges one, two and three, which are the basis for the request, the time he spends in custody pursuant to the extradition proceedings be recognized as time served from the possible sentence imposed on him by the foreign authorities.*

*2. The Government, headed by the President of the Republic* as *head of state, must follow up on the requirements for granting extradition and determine the consequences that would arise from any failure to comply, in accordance with Article 189.2 of the Constitution. (...)"*

**7.** Following the favorable confirmation from the Criminal Appellate Division and the Supreme Court of Justice, and taking into account what was established on Article 501 of Law 906 of 2004, the National Government is at liberty to act based on its national interests, and will grant extradition of the Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES,** with citizenship identification No. ███████, so that he may stand trial before the authorities of the United States of America on **Count One** (Conspiracy to Violate the Maritime Drug Law Enforcement Act); **Count Two** (International Cocaine Distribution Conspiracy); and **Count Three** (Violation of the Maritime Drug Law Enforcement Act - Approximately 2,312 Kilograms of Cocaine), charged on indictment 24-CR-462 (also known as case No. 1:24-cr-00462-EK and 1:24-cr-00462-EK-1), issued on November 13, 2024, in the United States District Court for the Eastern District of New York.

**8.** That Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES** is not wanted by the Colombian judicial authorities and that his arrest is solely for the purposes of extradition proceedings.

**9.** The National Government pursuant to Paragraph 1, Article 494 of Law 906 of 2004, must demand from the Government of the United States of America that the requested individual not be prosecuted for a prior and different act to the one that was established as grounds to request extradition. By the same token be advised that neither facts nor evidentiary material prior to December 17, 1997, shall be included.

**10.** The National Government shall order the surrender of Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES** under the commitment from the requesting State to comply with the conditions established on Paragraph 2, Article 494 of Law 906 of 2004; that is, the requested citizen shall not be subjected to forced disappearance, torture, or cruel, inhumane, or degrading treatment or penalties, or to sanctions of exile, life imprisonment, and forfeiture.

022

Page 9– of the Resolution "in which a decision is made regarding an extradition request". Extradition proceedings for Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES.**
-----------------------------------------------------------------------------------------------------------------------

As the surrender is conditional, the Attorney General of the Nation will not be able to make the aforementioned citizen available to the requesting State until the requesting country provides a formal commitment to comply with these conditions, for which purpose, as soon as the aforementioned commitment is received, the Ministry of Justice and Law shall forward a copy of the decision, and the guarantees offered to the Attorney General's Office so that the necessary steps may be taken and the requested person may be made available to the requesting State.

**11.**     The requested citizen has the right for the requesting State to recognize the time he was in custody as a result of the extradition process; in order to issue said credit, the requesting State will be able to request a certificate from the Office of the Attorney General of the Nation to that effect, as determined by its competency.

For this purpose, the Directorate of International Affairs of the Office of the Attorney General of the Nation forwards the certification on time spent in custody for all the requested citizens on extradition proceedings to the Directorate of Consular and Immigration Affairs and Citizen Services of the Ministry of Foreign Affairs, so that the respective Consul is aware of the situation.

The National Government, through the Ministry of Justice and Law, will forward copy of this decision to the Directorate of Consular and Immigration Affairs and Citizen Services of the Ministry of Foreign Affairs, for the purpose that has been indicated in the Presidential Directive No. 07 of 2005, and what was indicated in the decision issued by the Supreme Court of Justice.

Therefore,

**BE IT RESOLVED:**

**ARTICLE ONE**: **Grant the extradition** of **ELKIN ARMANDO ALOMIA QUIÑONES,** Colombian citizen with citizenship identification No. ███████, so that he may stand trial before the authorities of the United States of America on **Count One** (*Conspiracy to Violate the Maritime Drug Law Enforcement Act*); **Count Two** (*International Cocaine Distribution Conspiracy*); and **Count Three**

022

Page 10 – of the Resolution "in which a decision is made regarding an extradition request". Extradition proceedings for Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES.**
------------------------------------------------------------------------------------------------------------------------

(*Violation of the Maritime Drug Law Enforcement Act - Approximately 2,312 Kilograms of Cocaine*), charged on indictment 24-CR-462 (also known as case No. 1:24-cr-00462-EK and 1:24-cr-00462-EK-1), issued on November 13, 2024, in the United States District Court for the Eastern District of New York.

**ARTICLE TWO:** Order the surrender of citizen *ELKIN ARMANDO ALOMIA QUIÑONES,* to the requesting State, pursuant to the commitment that said State will comply with the terms that were established on Paragraph II of Article 494 of Law 906 of 2004; provided that the requested citizen shall not be subjected to forced disappearance, torture, or cruel, inhumane, or degrading treatment or penalties, or to sanctions of exile, life imprisonment, and forfeiture.

As soon as the aforementioned commitment is received, the Ministry of Justice and Law shall forward a copy of the decision, and the rights offered to the Attorney General's Office so that the necessary steps may be taken and the requested person may be made available to the requesting State.

**ARTICLE THREE:** Notify the requesting State that citizen **ELKIN ARMANDO ALOMIA QUIÑONES** shall not be prosecuted or convicted for a prior or different crime to the instant offense that led to this extradition, in accordance to Paragraph 1, Article 494 of Law 906 of 2004. By the same token be advised that neither facts nor evidentiary material prior to December 17, 1997, shall be included.

**ARTICLE FOUR:** Notify this decision to the interested party or his representative, or the person duly authorized by the interested party to receive notification, informing them that an appeal for reversal may be lodged against the decision, which should be submitted in writing at a hearing or within ten (10) days following this notice pursuant to Article 67 and 76 of the Administrative Procedure and Administrative Litigation Code.

Page 11 – of the Resolution "in which a decision is made regarding an extradition request". Extradition proceedings for Colombian citizen **ELKIN ARMANDO ALOMIA QUIÑONES.**

-------------------------------------------------------------------------------------------------------------------------

**ARTICLE FIVE:** Send copy of this Resolution, once it is made definitive, to the Directorate of International Legal Affairs and the Directorate of Consular and Immigration Affairs and Citizen Services of the Ministry of Foreign Affairs and the Office of the Attorney General of the Nation for their respective jurisdictions.

**ARTICLE SIX:** This Resolution is in effect as of the date of execution.

**Let it be published** on the Official Newspaper, **let it be served** to the requested citizen or his representative, or the person duly authorized by the interested party to receive notification, **let it be known** to the Ministry of Foreign Relations and the Office of the Attorney General of the Nation, and **execute.**

14 JAN 2026

Given in Bogota D.C. on

[Illegible signature]

MINISTER OF JUSTICE AND LAW

[Illegible Signature]

ROBERTO ANDRES IDARRAGA FRANCO



Libertad y Orden

REPÚBLICA DE COLOMBIA
**MINISTERIO DE RELACIONES EXTERIORES**

Received on
17 FEB. 2026
Copy to JUDATT
Copy to DOJ/OIA
L/LEI

**S-DIAJI-26-004874**

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales - saluda muy atentamente a la Honorable Embajada de los Estados Unidos de América, con ocasión de remitir el Oficio MJD-OFI26-0005430-DAI-10100 del 16 de febrero de 2026, anexo al cual obra la Resolución Ejecutiva No. 022 del 14 de enero de 2026, mediante la cual se concedió, por parte del Gobierno Nacional, la extradición del señor **ELKIN ARMANDO ALOMIA QUIÑONES** en los siguientes términos:

*"**ARTÍCULO PRIMERO: Conceder la extradición** del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**, identificado con la cédula de ciudadanía No. ▆▆▆▆▆ para que comparezca a juicio ante las autoridades de los Estados Unidos de América, por el **Cargo Uno** (Concierto para infringir la Ley contra el narcotráfico marítimo); **Cargo Dos** (Concierto para la distribución internacional de cocaína) y Cargo Tres (Infracción de la Ley contra el narcotráfico marítimo - aproximadamente 2.312 kilogramos de cocaína), imputados en la Acusación Formal en el Caso Número 24-CR-462 (también referido como Caso No. I:24-cr-00462-EK y I:24-cr-00462-EK-I), dictada el 13 de noviembre de 2024, en la Corte Distrital de los Estados Unidos para el Distrito Este de Nueva York.*

***ARTÍCULO SEGUNDO:** Ordenar la entrega del ciudadano **ELKIN ARMANDO ALOMIA QUIÑONES** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.*

*Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la*

A la Honorable
**EMBAJADA DE LOS ESTADOS UNIDOS DE AMÉRICA**
Ciudad


*decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.*

***ARTÍCULO TERCERO****: Advertir al Estado requirente que el ciudadano **ELKIN ARMANDO ALOMIA QUIÑONES** no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.*
*[...]".*

De conformidad con lo anterior, y teniendo en cuenta la comunicación del Ministerio de Justicia y del Derecho, de la cual se anexa copia, y de conformidad con lo ordenado en las citadas resoluciones ejecutivas, se solicita a los Estados Unidos de América, ofrezca la garantía requerida, de acuerdo con lo ordenado en el inciso 2º del artículo 494 de la Ley 906 de 2004, en concordancia con lo resuelto por la Sala Plena de la Honorable Corte Constitucional, Sentencia C-1106 de fecha 24 de agosto del año 2000, en la cual señaló que:

*"[...] la entrega de una persona en extradición al Estado requirente, cuando en este exista la pena de muerte para el delito que la motiva, sólo se hará bajo la condición de la conmutación de la pena, como allí se dispone, e igualmente, también a condición de que al extraditado no se le someta a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes ni a las penas de destierro, prisión perpetua y confiscación conforme a lo dispuesto por los artículos 11, 12 y 34 de la Constitución Política [...]"*

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales – hace propicia la oportunidad para reiterar a la Honorable Embajada de los Estados Unidos de América las seguridades de su más alta y distinguida consideración.

Bogotá D.C., 17 de febrero de 2026



**Justicia**

Bogotá D.C., Colombia, 16 de febrero de 2026

Director
**JHON JAIRO CAMARGO MOTTA**
Director de Asuntos Jurídicos Internacionales
Ministerio de Relaciones Exteriores - Cancilleria
Calle 10 No. 5 - 51
extradiciones.cancilleria@cancilleria.gov.co
Bogotá, D.C.



Contraseña:4AMN5hDAJ
A

Asunto: Trámite de extradición **ELKIN ARMANDO ALOMIA QUIÑONES**

Doctor Camargo:

De manera atenta, le comunico que mediante Resolución Ejecutiva No. 022 de 14 de enero de 2026, el Gobierno Nacional concedió la extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES,** al Gobierno de los Estados Unidos de América, en los siguientes términos:

"(…) ***ARTÍCULO PRIMERO: Conceder la extradición*** *del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**, identificado con la cédula de ciudadanía No.* ▮▮▮▮▮▮*, para que comparezca a juicio ante las autoridades de los Estados Unidos de América, por el **Cargo Uno** (Concierto para infringir la Ley contra el narcotráfico marítimo); **Cargo Dos** (Concierto para la distribución internacional de cocaína) y Cargo Tres (Infracción de la Ley contra el narcotráfico marítimo -aproximadamente 2.312 kilogramos de cocaína), imputados en la Acusación Formal en el Caso Número 24-CR-462 (también referido como Caso No. l:24-cr-00462-EK y l:24-cr-00462-EK-l), dictada el 13 de noviembre de 2024, en la Corte Distrital de los Estados Unidos para el Distrito Este de Nueva York.*

*  **ARTÍCULO SEGUNDO:** Ordenar la entrega del ciudadano **ELKIN ARMANDO ALOMIA QUIÑONES** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.*

---

**Ministerio de Justicia y del Derecho**
Dirección: Calle 53 No. 13 - 27, Bogotá D.C., Colombia
Conmutador: +57 (60) 1 444 31 00
Línea Gratuita: (+57) 01 8000 911170



*Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.*

***ARTÍCULO TERCERO:*** *Advertir al Estado requirente que el ciudadano **ELKIN ARMANDO ALOMIA QUIÑONES** no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997 (...)"*

En tal sentido, acompaño copia del mencionado acto administrativo con el objeto de que se informe al país requirente que el Gobierno Nacional concedió la extradición de **ELKIN ARMANDO ALOMIA QUIÑONES**, precisando que aún no se ha puesto a su disposición para el traslado porque la entrega quedó condicionada al ofrecimiento de unas garantías.

Así mismo, le solicito comunicar al país requirente que, a la mayor brevedad posible, debe ofrecer un compromiso formal, por la vía diplomática, sobre el cumplimiento de los condicionamientos impuestos por el Gobierno Nacional que garantice lo dispuesto en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Tan pronto se reciba el mencionado compromiso, este Ministerio remitirá a la Fiscalía General de la Nación copia del respectivo acto administrativo y de las garantías ofrecidas con el fin de que dicha entidad proceda a la puesta a disposición de la persona reclamada al Estado requirente.

Finalmente, es preciso señalar que la aludida resolución se encuentra debidamente ejecutoriada.

Cordialmente,

ANGELA PATRICIA ACOSTA GUTIÉRREZ
Directora de Asuntos Internacionales (E)



Justicia

| Elaboró: | Revisó: | Aprobó: |
|---|---|---|
| Grupo Extradiciones-COS-522 | Grupo Extradiciones APAG | Grupo Extradiciones- APAG |
| DAI | DAI | DAI |



Gobierno de
**Colombia**

RESOLUCIÓN EJECUTIVA NÚMERO ___022___ DE _____

# 14 ENE 2026

Por la cual se decide sobre una solicitud de extradición

**EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA**,
en ejercicio de la facultad que le confiere el artículo 491 de la Ley 906 de 2004, y

**CONSIDERANDO:**

**1.**     Que mediante Nota Verbal No. 0415 del 7 de marzo de 2025, el Gobierno de los Estados Unidos de América, a través de su Embajada en Colombia, solicitó la detención provisional con fines de extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**, requerido para comparecer a juicio por los delitos de concierto para delinquir y tráfico de drogas ilícitas.

**2.**     Que, en atención a dicha solicitud, la Fiscal General de la Nación, mediante Resolución del 11 de marzo de 2025, ordenó la captura con fines de extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**, identificado con la cédula de ciudadanía No. ████████ quien fue retenido el 12 de marzo de 2025, por parte de funcionarios de Policía Judicial adscritos al Cuerpo Técnico de Investigación de la Fiscalía General de la Nación.

Hoja No. 2 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**

----------------------------------------------------------------------------------------------------

**3.** Que mediante Nota Verbal No. 0857 del 8 de mayo de 2025, la Embajada de los Estados Unidos de América en nuestro país formalizó la solicitud de extradición del ciudadano **ELKIN ARMANDO ALOMIA QUIÑONES.**

En dicha nota se informa que este ciudadano es el sujeto de una Acusación Formal en el Caso Número 24-CR-462 (también referido como Caso No. 1:24-cr-00462-EK y 1:24-cr-00462-EK-1), dictada el 13 de noviembre de 2024, en la Corte Distrital de los Estados Unidos para el Distrito Este de Nueva York, según se describe a continuación:

"(...) ***ACUSACIÓN FORMAL***

*(...)*

*EL GRAN JURADO PRESENTA LA SIGUIENTE ACUSACIÓN:*

***CARGO UNO***

*(Concierto para infringir la ley contra el narcotráfico marítimo)*

*1. Entre enero de 2023 y octubre de 2023, o alrededor de esas fechas, siendo ambas fechas aproximadas e inclusivas, dentro de la jurisdicción extraterritorial de los Estados Unidos, los acusados ELKIN ARMANDO ALOMIA QUIÑONES, (...) y (...), junto con otros, concertaron a sabiendas e intencionalmente para distribuir y poseer con la intención de distribuir una sustancia controlada mientras se encontraban a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos, delito que involucró una sustancia que contenía cocaína, una sustancia controlada de categoría II, en contravención de la sección 70503(a)(1) del Título 46 del Código de los Estados Unidos. La cantidad de cocaína involucrada en el concierto atribuible a cada acusado como resultado de su propia conducta y de la conducta de otros cómplices razonablemente previsible para él, fue de cinco kilogramos o más de una sustancia que contenía cocaína.*

*(Secciones 70506(b), 70506(a), 70503(b) y 70504(b)(2) del Título 46 del Código de los Estados Unidos; sección 960(b)(I)(B)(ii) del Título 21 del Código de los Estados Unidos; secciones 3238 y 3551 et seq. del Título 18 del Código de los Estados Unidos)*

---

### CARGO DOS

*(Concierto para la distribución internacional de cocaína)*

2.      Entre enero de 2023 y octubre de 2023, o alrededor de esas fechas, siendo ambas fechas aproximadas e inclusivas, dentro de la jurisdicción extraterritorial de los Estados Unidos, los acusados ELKIN ARMANDO ALOMIA QUIÑONES, (...) y (...), junto con otros, concertaron a sabiendas e intencionalmente para distribuir una sustancia controlada con la intención, el conocimiento y causa razonable para creer que dicha sustancia sería importada ilegalmente a los Estados Unidos desde un lugar fuera de los Estados Unidos, delito que involucró una sustancia que contenía cocaína, una sustancia controlada de categoría II, en contravención de las secciones 959(a) y 960(a)(3) del Título 21 del Código de los Estados Unidos. La cantidad de cocaína involucrada en el concierto atribuible a cada acusado como resultado de su propia conducta y de la conducta de otros cómplices razonablemente previsible para él, fue de cinco kilogramos o más de una sustancia que contenía cocaína.

(Secciones 963, 960(b)(1)(B)(ii) y 959(d) del Título 21 del Código de los Estados Unidos; secciones 3238 y 3551 <u>et seq</u>. del Título 18 del Código de los Estados Unidos).

### CARGO TRES

*(Infracción de la Ley contra el narcotráfico marítimo - aproximadamente 2.312 kilogramos de cocaína)*

3.      El 27 de junio de 2023 o alrededor de esa fecha, dentro de la jurisdicción extraterritorial de los Estados Unidos, los acusados ELKIN ARMANDO ALOMIA QUIÑONES, (...) y (...), junto con otros, mientras estaban a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos, distribuyeron y poseyeron a sabiendas e intencionalmente con la intención (sic) de distribuir una sustancia controlada, delito que involucró cinco kilogramos o más de una sustancia que contenía cocaína, una sustancia controlada de categoría II.

(Secciones 70503(a)(1), 70506(a) y 70504(b)(2) del Título 46 del Código de los Estados Unidos; sección 960(b)(1)(B)(ii) del Título 21 del Código

Hoja No. 4 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**

----------------------------------------------------------------------------------------------------

*de los Estados Unidos; secciones 2, 3238 y 3551 <u>et seq</u>. del Título 18 del Código de los Estados Unidos) (...)"*

Adicionalmente, el país requirente, en la Nota Verbal No. 0857 del 8 de mayo de 2025, señaló:

*"(...) El 4 de abril de 2025, con base en los cargos de la Acusación, la Corte Distrital de los Estados Unidos para el Distrito Este de Nueva York emitió un auto de detención para la captura de ALOMIA QUIÑONES. Dicho auto de detención permanece válido y ejecutable.*

*(...)*

*Todas las acciones adelantadas por ALOMIA QUIÑONES en este caso fueron realizadas con posterioridad al 17 de diciembre de 1997. (...)"*

**4.** Que luego de formalizada la solicitud de extradición del ciudadano **ELKIN ARMANDO ALOMIA QUIÑONES**, el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Jurídicos Internacionales, mediante oficio S-DIAJI-25-014603 del 8 de mayo de 2025, conceptuó:

*"(...) Conforme a lo establecido en nuestra legislación procesal penal interna, se informa que es del caso proceder con sujeción a las convenciones de las cuales son parte la República de Colombia y los Estados Unidos de América.*

*Una vez revisado el archivo de tratados de este Ministerio, es del caso destacar que se encuentran vigentes para las Partes, las siguientes convenciones multilaterales en materia de cooperación judicial mutua:*

- *La 'Convención de las Naciones Unidas contra el tráfico ilícito de estupefacientes y sustancias psicotrópicas', suscrita en Viena el 20 de diciembre de 1988[1]. En ese sentido, el artículo 6, numerales 4 y 5 del precitado tratado disponen los siguiente:*

---

[1] *Artículo 3° numeral 1° literal a.*

Hoja No. 5 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**

----------------------------------------------------------------------------------------------------

*'4. Las Partes que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se le aplica el presente artículo como casos de extradición entre ellas.*

*5. La extradición estará sujeta a las condiciones previstas por la legislación de la Parte requerida o por los tratados de extradición aplicables, incluidos los motivos por los que la Parte requerida puede denegar la extradición.'*

- *La 'Convención de las Naciones Unidas contra la Delincuencia Organizada Transnacional', adoptada en New York, el 15 de noviembre de 2000[2], que en su artículo 16, numerales 6 y 7, prevé lo siguiente:*

*'6. Los Estados Parte que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como casos de extradición entre ellos.*

*7. La extradición estará sujeta a las condiciones previstas en el derecho interno del Estado Parte requerido o en los tratados de extradición aplicables, incluidas, entre otras, las relativas al requisito de una pena mínima para la extradición y a los motivos por los que el Estado Parte requerido puede denegar la extradición.'*

*De conformidad con lo expuesto, y a la luz de lo preceptuado en los artículos 491 y 496 de la Ley 906 de 2004, los aspectos no regulados por las convenciones aludidas, el trámite se regirá por lo previsto en el ordenamiento jurídico colombiano (…)"*

**5.** Que perfeccionado así el expediente de extradición del ciudadano **ELKIN ARMANDO ALOMIA QUIÑONES,** el Ministerio de Justicia y del Derecho, mediante oficio No. MJD-OFI25-0022313-GEX-10100 del 20 de mayo de 2025, lo remitió a la Sala de Casación Penal de la Corte Suprema de Justicia para el concepto correspondiente.

---

[2] *Artículo 3, párrafo 1, apartados a) o b).*

Hoja No. 6 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**

------------------------------------------------------------------------------------------------------

**6.** Que la Sala de Casación Penal de la Corte Suprema de Justicia, mediante pronunciamiento del 10 de diciembre de 2025[3], habiendo encontrado cumplidos los requisitos que exigen las normas aplicables al caso, conceptuó favorablemente a la extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES.**

Sobre el particular, la Corporación manifestó:

*"(...) IV. CONCEPTO*

*Por lo anterior, la Sala de Casación Penal de la Corte Suprema de Justicia concluye que se acreditaron las exigencias constitucionales y legales que permiten emitir **concepto favorable** a la solicitud de extradición que formuló el Gobierno de los Estados Unidos de América contra el ciudadano colombiano ELKIN ARMANDO ALOMÍA QUIÑONES. Esto exclusivamente respecto de los cargos uno, dos y tres a él endilgados en la Acusación Formal N° 24-CR-462 (también referida como caso N° 1:24-cr-00462-EK y 1:24-cr-00462-EK-1), dictada el 13 de noviembre de 2024 por la Corte Distrital de los Estados Unidos para el Distrito Este de Nueva York.*

*Condicionamientos*

*1. El Gobierno Nacional, si decide conceder la extradición, deberá exigir al Estado solicitante:*

*a. Que garantice al reclamado su permanencia en la nación requirente y el retorno a Colombia en condiciones de dignidad y respeto de ser sobreseído, absuelto, declarado no culpable o eventos similares; incluso, después de su liberación por haber cumplido la pena que le fuere impuesta.*

*b. Que no juzgue al requerido por hechos anteriores al 17 de diciembre de 1997 ni distintos a los que sustentan la solicitud de extradición relacionados, exclusivamente, con los cargos uno, dos y tres de la acusación. Además, que no le imponga sanciones diferentes a las*

---

[3] Expediente radicado en el Ministerio de Justicia y del Derecho el 19 de diciembre de 2025.

Hoja No. 7 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**

---

dictadas en una eventual condena, ni penas de muerte, destierro, prisión perpetua, confiscación, desaparición forzada, torturas o tratos crueles, inhumanos o degradantes.

c. Que garantice a *ELKIN ARMANDO ALOMÍA QUIÑONES* todas las garantías procesales. En particular: acceso a un juicio público sin dilaciones injustificadas, presunción de inocencia, designación de un defensor particular o público, la asistencia de un intérprete, tiempo y medios adecuados para preparar su defensa, oportunidad para presentar pruebas y controvertir las aportadas en su contra, condiciones dignas durante su privación de libertad y posibilidad de apelar la sentencia ante un tribunal superior. Estas prerrogativas derivan de los artículos 9, 10 y 11 de la Declaración Universal de Derechos Humanos y 9, 10, 14 y 15 del Pacto Internacional de Derechos Civiles y Políticos.

d. Que, de acuerdo con sus políticas internas sobre la materia, ofrezca posibilidades racionales y reales para que el reclamado tenga contacto regular con sus familiares más cercanos. Esto porque el artículo 42 de la Constitución Política reconoce a la familia como núcleo esencial de la sociedad, protege su honra, dignidad e intimidad. Dicha protección también la contempla el Pacto Internacional de Derechos Civiles y Políticos.

e. Que no sea condenado dos veces por igual hecho.

f. Que remitan copia de las sentencias o decisiones que pongan fin al proceso en los tribunales de ese país.

g. Que, si *ELKIN ARMANDO ALOMÍA QUIÑONES* llega a ser condenado por los cargos uno, dos y tres que motivan la solicitud, el tiempo que permanezca privado de la libertad por cuenta del trámite de extradición le sea reconocido como parte cumplida de la posible sanción que las autoridades le impongan.

2. El Gobierno, encabezado por el señor presidente de la República como jefe de Estado, debe efectuar el respectivo seguimiento a las exigencias que se imponen para la concesión de la extradición y determinar las consecuencias que se derivarían de su eventual incumplimiento, según el artículo 189.2 de la Constitución Política. *(...)"*

-------------------------------------------------------------------------------------------------

**7.** Que en atención al concepto emitido por la Sala de Casación Penal de la Corte Suprema de Justicia, y teniendo en cuenta que de acuerdo con lo establecido en el artículo 501 de la Ley 906 de 2004, el Gobierno Nacional está en libertad de obrar según las conveniencias nacionales, concederá la extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**, identificado con la cédula de ciudadanía No. ▮▮▮▮▮▮ para que comparezca a juicio ante las autoridades de los Estados Unidos de América, por el **Cargo Uno** *(Concierto para infringir la Ley contra el narcotráfico marítimo)*; **Cargo Dos** *(Concierto para la distribución internacional de cocaína)* y **Cargo Tres** *(Infracción de la Ley contra el narcotráfico marítimo - aproximadamente 2.312 kilogramos de cocaína)*, imputados en la Acusación Formal en el Caso Número 24-CR-462 (también referido como Caso No. 1:24-cr-00462-EK y 1:24-cr-00462-EK-1), dictada el 13 de noviembre de 2024, en la Corte Distrital de los Estados Unidos para el Distrito Este de Nueva York.

**8.** Que el ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES** no se encuentra requerido por autoridad judicial colombiana y su captura obedece únicamente a los fines del trámite de extradición.

**9.** Que el Gobierno Nacional, en atención a lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004, debe exigir al Gobierno de los Estados Unidos de América que el ciudadano requerido no sea juzgado por un hecho anterior y distinto del que motiva la solicitud de extradición. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

**10.** Que el Gobierno Nacional ordenará la entrega del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES** condicionada al ofrecimiento del compromiso del Estado requirente de cumplir las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

------------------------------------------------------------------------

Al quedar condicionada la entrega, la Fiscalía General de la Nación no podrá poner a disposición del Estado requirente al mencionado ciudadano sino hasta tanto se allegue, por parte del país requirente, el compromiso formal sobre el cumplimiento de estos condicionamientos, para lo cual, tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.

**11**. Que al ciudadano requerido le asiste el derecho de que se le reconozca en el Estado requirente el tiempo que permaneció detenido por cuenta del trámite de extradición, y para acreditar esa situación, podrá solicitar la respectiva constancia a la Fiscalía General de la Nación, por ser la entidad competente para esos efectos.

Para tal fin, la Dirección de Asuntos Internacionales de la Fiscalía General de la Nación remite la certificación sobre el tiempo de detención de los ciudadanos requeridos por cuenta del trámite de extradición a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, a efectos de que el Cónsul respectivo tenga conocimiento de esa situación.

El Gobierno Nacional, por conducto del Ministerio de Justicia y del Derecho, remitirá copia de la presente decisión a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores para los fines indicados en la Directiva Presidencial No. 07 de 2005 y lo señalado por la Corte Suprema de Justicia en su concepto.

Por lo expuesto,

**RESUELVE:**

**ARTÍCULO PRIMERO**: **Conceder la extradición** del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**, identificado con la cédula de ciudadanía No. ████████ para que comparezca a juicio ante las autoridades de los Estados Unidos de América, por el **Cargo Uno** *(Concierto para infringir la Ley contra el narcotráfico marítimo)*; **Cargo Dos** *(Concierto para la distribución internacional de*

Hoja No. 10 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**

---

*cocaína)* y **Cargo Tres** *(Infracción de la Ley contra el narcotráfico marítimo - aproximadamente 2.312 kilogramos de cocaína)*, imputados en la Acusación Formal en el Caso Número 24-CR-462 (también referido como Caso No. 1:24-cr-00462-EK y 1:24-cr-00462-EK-1), dictada el 13 de noviembre de 2024, en la Corte Distrital de los Estados Unidos para el Distrito Este de Nueva York.

**ARTÍCULO SEGUNDO:** Ordenar la entrega del ciudadano **ELKIN ARMANDO ALOMIA QUIÑONES** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.

**ARTÍCULO TERCERO**: Advertir al Estado requirente que el ciudadano **ELKIN ARMANDO ALOMIA QUIÑONES** no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

**ARTÍCULO CUARTO**: Notificar personalmente la presente decisión al interesado, a su representante o apoderado, o a la persona debidamente autorizada por el interesado para notificarse, haciéndole saber que contra la misma procede el recurso de reposición, el cual podrá interponer por escrito en la diligencia o dentro de los diez (10) días siguientes a su notificación, de conformidad con lo dispuesto en los artículos 67 y 76 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

Hoja No. 11 de la Resolución *"Por la cual se decide sobre una solicitud de extradición"*. Trámite de extradición del ciudadano colombiano **ELKIN ARMANDO ALOMIA QUIÑONES**

----------------------------------------------------------------------------------------------------

**ARTÍCULO QUINTO**: Una vez ejecutoriada la presente Resolución, enviar copia de la misma a la Dirección de Asuntos Jurídicos Internacionales y a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores y a la Fiscal General de la Nación, para lo de sus respectivas competencias.

**ARTÍCULO SEXTO**: La presente Resolución rige a partir de la fecha de su ejecutoria.

**Publíquese** en el Diario Oficial, **notifíquese** al ciudadano requerido o a su apoderado, o a la persona debidamente autorizada por el interesado para notificarse, **comuníquese** al Ministerio de Relaciones Exteriores y a la Fiscalía General de la Nación y **cúmplase**.

Dada en Bogotá, D.C. a 14 ENE 2023

EL MINISTRO DE JUSTICIA Y DEL DERECHO (E),

ROBERTO ANDRÉS IDÁRRAGA FRANCO